IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BILLY L. WARDLEY, #71838**                                            **PETITIONER**

**VS.**                                          **CIVIL ACTION NO.: 3:05CV204BN**

**LAWRENCE GREER and**
**JIM HOOD, Attorney General**                                     **RESPONDENTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Billy L. Wardley filed his Petition for Writ of Habeas Corpus in this cause on or about March 29, 2005. It is now before the undersigned upon the Motion to Dismiss Pursuant to §2244(d) [#13], filed on July 18, 2005, by the Respondents.[1] Wardley filed a response to the Respondents' motion on August 5, 2005, and on August 29, 2005. According to the Respondents, Wardley's petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and should be dismissed for that reason and not considered on its merits.

On or about October 10, 1995, Wardley was convicted for the sale of a controlled substance (cocaine) in the Circuit Court of Franklin County, Mississippi. He was sentenced on that date as a habitual offender to serve a term of thirty (30) years in prison in the custody of the Mississippi Department of Corrections. **Exhibit A** to Respondents' Motion to Dismiss.[2]

---

[1] The Petitioner filed a Motion to Sanction Respondents [#14], on July 22, 2005, requesting that the Respondents be sanctioned for not filing a timely response to the Court's Order to Answer. The Respondents' motion was timely, however, as the Court granted them a filing extension until July 18, 2005, by text order filed May 19, 2005. No sanctions shall be ordered.

[2] Unless otherwise noted, all Exhibits are those exhibits referred to in the Respondents' Motion to Dismiss.

Wardley perfected a direct appeal to the Mississippi Supreme Court and on September 7, 1999, the Mississippi Court of Appeals affirmed Wardley's judgment of conviction and sentence by written opinion. **Wardley v. State**, 760 So.2d 774 (Miss. App. 1999) (Cause No. 1998-KA-00967-COA), *reh'g denied*, May 2, 2000.

After the decision was rendered by the Court of Appeals, Wardley did not seek the discretionary review provided for in the state court system. He did timely file a motion for rehearing in the Court of Appeals, and that motion was denied on May 2, 2000. At that point, under Mississippi Rule of Appellate Procedure 17, he could have filed a petition in the Mississippi Supreme Court for a writ of certiorari asking that the Court of Appeals' decision be reversed. Wardley did file a "Motion to Consider Petition for Writ of Certiorari Out-of-Time" on December 1, 2000. This motion was denied on December 6, 2000.

On or about March 21, 2005, Wardley signed his Petition for Writ of Habeas Corpus in the instant cause, and this petition was received by the Clerk of the Court and filed on March 29, 2005. Wardley alleged that his conviction should be overturned based up various violations of his constitutional rights. The Respondents assert that the instant petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d). This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Respondents contend that Wardley's conviction became final **under AEDPA** on May 16, 2000, which was 14 days **after** the Mississippi Court of Appeals affirmed his conviction by denying his motion for rehearing.[3] MISS. R. APP. P. 17 provides an appellant 14 days after a motion for rehearing is denied to file a petition for writ of certiorari, and this is a mandatory step to continue in the discretionary review process afforded in the Mississippi appellate procedure. The failure to file this motion "stops the appeal process" and the appellant is unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari or review in the United States Supreme Court by way of a petition for writ of certiorari. By failing to file

---

[3] As noted, Wardley stopped the discretionary review process for the direct review of the Court of Appeals' final decision. Under **O'Sullivan v. Boerckel**, 526 U.S. 838 (1999), Wardley failed to exhaust his state remedies and may now be procedurally barred from presenting his claims in this Court, even if the Petition for Habeas Corpus were timely.

a request for certiorari, Wardley effectively waived his right to seek a writ of certiorari from the Supreme Court.  **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003).  The Respondents cite **Roberts** for interpreting § 2244(1)(A):  if a defendant stops the appeal process, the conviction became final when the time for seeking further direct review in the state court expires.  *Id.* at 694.

The Respondents conclude that the AEDPA statute began running on that date, May 16, 2000, and continued running until May 16, 2001, without being tolled by any "properly filed" application.  In fact, **no** post-conviction pleadings have been filed in the state courts.  According to the Respondents, the AEDPA statute expired on May 16, 2001, and Wardley's filing of this petition on March 29, 2005, was at least 1,413 days after the filing deadline.

The Petitioner has filed a response to the claims that his petition is untimely.  **See** "Motion to Show Cause" filed April 22, 2005; "Motion to Traverse Respondents Motion Pursuant to 2244(d)" filed August 5, 2005; and, "Motion to Amend Petitioner's Traverse filed on July 25, 2005" filed August 28, 2005.  Wardley primarily argues the **merits** of his habeas petition in these responses rather than explaining the fact that he did not file his federal habeas petition until nearly four years after the AEDPA limitations statute expired.  The merits of his petition are not before the undersigned; the issue is whether or not this Court should even consider this untimely filed petition.

In this regard, Wardley contends that after his motion for rehearing was denied on May 2, 2000, he retained Pat McNamara, attorney, to prepare and file a writ of certiorari to the Mississippi Supreme Court.  Petitioner's Motion to Show Cause, p. 3.  The attorney was retained on May 25, 2000.  Wardley contends that counsel "interviewed the Supreme Court Clerk on [the] merits and

possible out-of-time writ on June 22, 2000." Motion to Show Cause, p. 3. His attorney spent several months preparing the request and finally filed it on December 1, 2000, requesting an out-of-time writ. The Petitioner claims that nearly five years later, he learned that the request had been denied. Neither his attorney or the appellate court informed him of the status of the request for writ of certiorari until "he took it upon himself to inquire to the Supreme Court of Mississippi on March 15, 2005." He asserts that he first learned of the denial of his writ on March 16, 2005, when he received a response from the Supreme Court of Mississippi. Thereafter, he "diligently prepared and filed" his writ of habeas corpus on March 21, 2005.

Wardley has effectively requested this Court to "equitably toll" the AEDPA limitations statute due to the actions [or inactions] of his attorney. Equitable tolling may be applied in certain circumstances, but only "**in rare and exceptional circumstances**." **Davis v. Johnson**, 158 F.2d 806, 811 (5th Cir. 1998), *cert. denied,* 526 U.S. 1074 (1999). Equitable tolling applies mainly when the plaintiff is diligent in his pursuit for relief and when he is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* quoting **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996*);* **United States v. Patterson**, 211 F.3d 927, 930-931 (5th Cir. 2000) (quoting **Rashindi**). Wardley does not contend that the Respondents "actively misled" him in any way. Instead, he argues that his attorney neglected his case and failed to inform him of the fact that his request for an out-of-time writ of certiorari had been denied. Thus, he was prevented by "external factors" from timely filing this habeas petition.

In **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), the Fifth Circuit directed that the district courts examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." We have done so and find that Wardley's circumstances are not so rare and exceptional such as to allow the Court to equitably toll the AEDPA statute. Petitioners frequently contend that they were unaware of rulings in their cases, and that that was the cause of a missed deadlines. However, the court records are public, and defendants may request the status of their cases at any time. It is inconceivable that Wardley would allow over four years to pass before asking the Supreme Court whether or not it had ruled on a simple request for an out of time writ of certiorari. Although Wardley may have been displeased with his counsel's service, he could easily have learned of the disposition of his case by a simple letter to the Court's Clerk.

Wardley certainly did not actively pursue a reversal of his conviction. The law requires proof that he diligently pursued collateral challenges to his conviction to actually warrant the benefit of tolling. **Alexander v. Cockrell**, 294 F.3d 626, 629 (5th Cir. 2002). Waiting over four years simply to learn whether his request for an out-of-time writ of certiorari had been granted or denied clearly does not meet the diligence standard required under the law.

The Respondents have attached as exhibits to their motion a copy of the proceedings in the Mississippi Bar regarding a complaint filed on October 21, 2002, by Wardley against his attorney, Patrick J. McNamara. **Exhibit E** to Respondents' motion. A careful review of these pleadings and the attached correspondence and memoranda confirm that Wardley was well aware of the fact that his out-of-time petition had been denied when he filed this Complaint in October, 2002. The

undersigned rejects Wardley's assertions that he did not learn of the status of his state court case until March 16, 2005, and specifically finds that Wardley knew his request for an out of time writ had been denied when he filed the October, 2002, complaint. He still waited over two years to file this habeas petition.

"Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." **Salina v. Dretke**, 354 F.3d 425, 432  (5th Cir. 2004), cert. denied**,** 541 U.S. 1032 (2004) citing **Cousin v. Lensing**, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is **harmed** by the actions or inactions of his counsel. *Id.*  Accordingly, Wardley has not shown and cannot show facts which would support his claim that exceptional circumstances exist which would excuse his late filing. It would not be unfair, nor would it be a miscarriage of justice, under Wardley's circumstances, to apply the AEDPA limitations statute to him. To do otherwise would give little deference to Congress's intent in the passage of AEDPA. It would also not be allowed under the case law rendered by the Court of Appeals for the Fifth Circuit regarding equitable tolling of the AEDPA statute of limitations. We reject Wardley's request that we equitably toll the AEDPA statute.

We have considered the facts in Wardley's case, the assertions contained in the Respondents' motion, and the applicable law. Our review leads to the conclusion that the assertions and calculations contained in the Respondents' motion are meritorious and accurate, and that Wardley's petition must be dismissed as untimely filed under AEDPA. Wardley utilized the state direct review process through the Court of Appeals, obtaining a final decision on September 7, 1999, and requesting that court to rehear its decision affirming his conviction. The court denied

that request on May 2, 2000. However, he **stopped the appeal process before the conclusion of direct review**, as he could have asked for a writ of certiorari under MISS. R.APP.P. 17(b) within 14 days from the decision denying rehearing. Under **Roberts**, for AEDPA purposes, the conviction becomes "final" when the "time for seeking further direct review in the state court expires." *Id.* Accordingly, this is fourteen days after May 2, 2000, or May 16, 2000, as the Respondents contend. The AEDPA statute of limitations began running on that date [May 16, 2000] and ran without tolling until May 16, 2001.

Wardley's petition in this cause was not filed until sometime between March 21, 2005, [4] [the date he purportedly signed the petition] and March 29, 2005 [the date the petition was received by the Clerk of this Court]. This filing was at least 1,405 late (May 16, 2000 --- March 21, 2005) for the purpose of meeting the AEDPA limitations statute.

It is the recommendation of the undersigned United States Magistrate Judge that the Respondents' Motion to Dismiss Pursuant to § 2244(d) [#13] be **granted,** and that the Petition for Writ of Habeas Corpus filed by Billy L. Wardley be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

---

[4] The Petition was purportedly signed on March 21, 2005, and it was actually received by the Clerk of this Court, March 29, 2005. Under **Coleman v. Johnson**, 184 F.3d 398, 401, *rehearing and rehearing en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000) (citing **Spotville v. Caine**, 149 F.3d 374, 376-78 (5th Cir. 1998), the "mailbox rule" applies, and a federal habeas petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court. Under either formula, the Petition is untimely.

within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636,**Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th of October, 2005.

> S/ Alfred G. Nicols, Jr.
> UNITED STATES MAGISTRATE JUDGE